JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gordon Roy Parker
d/b/a Snodgrass Publishing Group
4247 Locust Street, #119, Philadelphia, PA 19104

**DEFENDANTS**
See Attached

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Santa Clara
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☒ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
17-USC-106
Brief description of cause:
International Piracy Ring which has violated copyright, RICO and antitrust laws

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
39,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
11/10/2015

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

1.      Defendant: PayPal, Inc.
Address: 2221 North First Street San Jose, CA 95131

2.      Defendant: Payloadz, Inc.
3.      Defendant: Shannon Sofield
Address: Three Richards Road, Newtown Square, PA 19073.

4.      Defendant: Bluesnap, Inc.
Address: 800 South Street, Suite 640, Waltham, MA 02453.

5.      Defendant: Plimus, Inc. (Parent Company of Defendant 4)
Address: 49016 Milmont Drive, Fremont, CA 94538.

6.      Defendant: Great Hill Partners, LLC (Parent Company of Defendant 5 that is Parent Company of Defendant 4)
Address:  One Liberty Square, Boston, MA 02109.

7.      Defendant: Richard "Gambler" La Ruina (British national)
Address:  22 Canterbury Close, Cambridgeshire, CB43QQ UK

8.      Defendant: Owner of PUA Training, Ltd.
(British corporation which does business (with La Ruina) throughout the United States).

9.      Defendant: Vladymyr Oleynynk
Believed address: Botanicheskaya 19a, Moscow 127427, RUSSIA.

10.     Defendant: Venusian Arts, LLC
11.     Defendant: Chris Odom
Address: 11276 Ventura Boulevard, #313, Studio City, CA 91604.

12.     Defendant: Love Systems, Inc.
13.     Defendant: Nicholas Benedict
Address: 1640 Wilcox Avenue, Los Angeles, CA  90028.

14.     Defendant: Real Social Dynamics
15.     Defendant: Nicholas James Kho.
Address: 1930 Village Center Circle, #3-9653, Las Vegas, NV 89134.



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. **15   6065** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| | | |
|---|---|---|
| Nov. 10, 2015 | Gordon Roy Parker | Pro Se |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 2(5- 382- 2063 | | Gordon Roy Parker@AOL.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NIQA

**UNITED STATES DISTRICT COURT**    **15   6065**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4297 Locust St

Address of Defendant: See Attachment (Multiple Defendants)

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☐

Does this case involve multidistrict litigation possibilities?    Yes☐  No☐

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☑ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/10/'15    Gordon Roy Parker    _____

Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/10/'15    Gordon Roy Parker    _____

Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)



## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER,** a/k/a "Ray Gordon," d/b/a Snodgrass Publishing Group 4247 Locust Street, #119 Philadelphia, PA 19104 (267) 298-1257 SnodgrassPublish@aol.com,<br><br>                  Plaintiff,<br><br>       v. | **Case No: 15   6065** |
| **PAYPAL, INC.,** a Delaware corporation, **SHANNON SOFIELD,** a Pennsylvania resident, **PAYLOADZ, INC.,** a Pennsylvania corporation, **BLUESNAP, INC.,** a California corporation, **PLIMUS, INC.,** a California corporation, **GREAT HILL PARTNERS, LLC,** a Massachusetts corporation, **RICHARD LA RUINA,** a British national, **PUA TRAINING, LTD.** a British corporation, _**pualib.com**_, an unregistered business, **VLADYMYR OLINYNK,** Botanicheskaya 19a, Moscow 127427, RUSSIA, **VENUSIAN ARTS LLC,** a Florida corporation, **CHRIS ODOM,** a California resident, **LOVE SYSTEMS, INC.,** a California Corporation, **NICHOLAS BENEDICT,** a California resident, **REAL SOCIAL DYNAMICS,** a Nevada corporation, **NICHOLAS JAMES KHO,** a Nevada resident, and Does 1-100,<br><br>               Defendants | **Complaint for Direct, Vicarious, and Contributory Copyright Infringement, Unjust Enrichment, Racketeering, Civil Conspiracy, Unfair Competition, Defamation, Tortious Interference, Breach of Contract, Misappropriation Of Likeness, Antitrust Violations, and Violations of the California Business And Professional Code** |

## COMPLAINT

**Plaintiff** Gordon Roy Parker, in the above-styled action, sets forth the following:

### THE PARTIES

1.   Plaintiff **Gordon Roy Parker,** a/k/a "**Ray Gordon,**" is an adult male domiciled and residing in the Commonwealth of Pennsylvania, at the address listed for him in the caption.

2.   Defendant **PayPal, Inc.** is a Delaware Corporation, headquartered in at 2221 North First Street San Jose, CA 95131, who may be served through its registered agent in Delaware.

3.   Defendant **Payloadz, Inc.**, is a Pennsylvania Corporation wholly owned by Defendant **Shannon Sofield**, who resides at Three Richards Road, Newtown Square, PA 19073.

4.   Defendant **Bluesnap, Inc.** is a Massachusetts corporation, headquartered at 800 South Street, Suite 640, Waltham, MA 02453.  Its parent company is Defendant **Plimus, Inc.** a California corporation at 49016 Milmont Drive, Fremont, CA 94538.  Both are wholly owned by Defendant **Great Hill Partners, LLC**, a Massachusetts corporation, located at One Liberty Square, Boston, MA 02109.

5.   Defendant **Richard "Gambler" La Ruina** is a British national located at 22 Canterbury Close, Cambridgeshire, CB43QQ UK, and owner of Defendant **PUA Training, Ltd.**, a British corporation which does business (with La Ruina) throughout the United States.

6.   Defendant **Vladymyr Oleynynk,** is a Russian national believed to reside at Botanicheskaya 19a, Moscow 127427, RUSSIA.

7.   Defendant **Venusian Arts, LLC,** is a Florida corporation, owned by Defendant **Chris Odom.** Both Defendants may be served at 11276 Ventura Boulevard, #313, Studio City, CA 91604.

8.   Defendant **Love Systems, Inc.** is a California corporation, owned by Defendant **Nicholas Benedict,** who resides at 1640 Wilcox Avenue, Los Angeles, CA  90028.

9.   **Defendant Real Social Dynamics** is a Nevada corporation owned by Defendant **Nicholas James Kho.**  Both may be served at 1930 Village Center Circle, #3-9653, Las Vegas, NV 89134.

10.   Does 1-100 are as-yet-identified affiliates and syndicate members.

## NATURE OF ACTION

11.   The ***Pickup Artist (PUA) Community***, excruciatingly detailed in Neil Strauss's ***The Game***, is, as the name suggests, a monopolistic cartel engaged in numerous predicate RICO acts, including but not limited to wire fraud, criminal copyright infringement, anticompetitive behavior, defrauding the federal government, and a host of nonpredicate acts outlined herein.

2

## JURISDICTION AND VENUE

12.   This Court has subject-matter jurisdiction under 28 USC §1331 (federal questions), 28 USC §1332 (diversity), 18 USC §1965(b) (RICO's national service of process), and supplemental jurisdiction over all state-law claims (supplemental jurisdiction).

13.   This Court has personal jurisdiction because a) all Defendants regularly conduct business within this District, and/or b) are subject to long-arm jurisdiction under 42 P.S. §5322. Venue is proper because Plaintiff is domiciled and resides within the District.

## BACKGROUND

14.   Plaintiff incorporates by reference, as if stated verbatim, all previous paragraphs.

15.   On October 29, 1998, just prior to putting it on sale for $29.95, Plaintiff registered his published work, ***Outfoxing The Foxes: How To Seduce The Women Of Your Dreams***:



16.   On Monday, October 26, 2015, Plaintiff purchased a ***doctored,*** digital copy of ***Foxes*** from ***pualib.com***, as part of a 1.7gb ZIP file containing ***824*** PUA-themed books:



3



17.    Plaintiff's transaction was paid to Defendant Oleynyk's e-mail address,

loki.net@gmail.com, processed by Defendant PayPal, using software developed by Defendant

Sofield, owner and sole employee of Defendant Payloadz.  According to Defendant Plimus, a

wholly owned subsidiary of Defendant Great Hill Partners who now does business as Defendant

Bluesnap, Defendant Payloadz had used them as a "backbone" as well, until May, 2012.  Since

Plaintiff's purchase, payments were being taken by Junglepay.com, presumably still using

Defendant Payloadz/Sofield's interface, and, after that, Trialpay.com.

### The Seduction Syndicate's Piracy Ring

18.    On the surface, it would appear that Defendant Oleynyk is but a "lone wolf" from

Moscow who set up a mass-piracy website from which he profited from the sale of illegal copies

of PUA e-books.  In reality, he is but a cog in a well-oiled machine – the **Seduction Syndicate** –

which has, in addition to profiting directly from the privacy, monopolized the PUA niche of the

dating-advice market since 1998, and which has been engaged in piracy since at least 2002.

4

19.   The Seduction Syndicate was first organized on the USENET group *alt.seduction.fast*

("ASF"),[1] as a direct reaction to *Foxes*, the first work of an ASF regular to rival Paul "Ross

Jeffries" Ross's *Speed Seduction* home-study course ($350.00) and seminars ($895.00).

20.   From 1998-2001 (his ASF monopoly had been unchallenged from 1994-1998) Ross

directed the Syndicate, in collusion with Jihad "Formhandle" Bhattika, the publisher of an ASF

archive at fastseduction.com (to fill the void left when AltaVista's archive was temporarily taken

down by Google), and Erik "Mystery" von Markovik, later known as the protagonist in *The*

*Game* (HarperCollins, 2005), and the star of *VH-1's The Pickup Artist* (2007).  The three

"carved up" ASF, by agreeing to mutually exclude and disparage Plaintiff, while enlisting and

encouraging others to do the same, and to cross-promote each other's websites.[2]

21.   At the end of 2001, Bhattika and Mystery took over the Syndicate by force, with

Formhandle creating an NNTP-based forum on fastseduction.com (a very difficult and expensive

feat), designed to mirror the look and feel of a USENET group, for the purpose of misleading the

ASF audience into thinking that *moderated ASF* ("mASF") was just another USENET group,

when in fact it was wholly owned by Bhattika.  Thereafter, Bhattika would continue to post his

*ASF FAQ* document, listing *mASF* as a "replacement for ASF," supposedly made necessary by

Plaintiff's conduct, and advising users of both ASF and mASF to block Plaintiff's messages.

---

[1] USENET is a decentralized message-distribution system whereby subscribers of a "newsgroup" receive all messages from all other subscribers, via the **Network News Transfer Protocol** (NNTP), which conforms to USENET specifications, rather than **Hypertext Transfer Protocol** (HTTP), its equivalent for the web.  USENET's decentralization makes it impossible to commercialize, censor, or otherwise control, making it a unique bastion of neutrality and free-speech.

[2] During this time, Plaintiff endured daily defamation, harassment, death threats against he and his mother, and the publication of a "hate website" imputing pedophilia upon Plaintiff, from individuals who would then turn around and blame Plaintiff for the group's "noise," recommending that he be ignored to "solve" the "problem." This was detailed extensively in Parker v. Wintermute, E.D.Pa., 02-cv-7215, and later in Parker v. LTSC (I-III) (citation omitted), all dismissed via 12(b)(6), convincing the Syndicate that it was immune to legal consequences. Thereafter, with no apparent legal recourse, Plaintiff tossed up the "white flag" hoping for justice one day.

Simultaneously, an individual using an anonymous remailer would link to a "hate website" imputing pedophilia upon Plaintiff, while referring to mASF as the *official ASF website*.

22.   From 2002-2005, mASF lived up to its billing as the "center of the seduction universe." Only Syndicate-approved advertisers were allowed to rent space on the site, or have their products discussed, with Bhattika taking an affiliate cut of all sales. These included Allen "Gunwitch" Reyes, a former ASF regular who had agreed to "play along," Defendant *Real Social Dynamics*, a "live instruction" company founded by Mystery in 2002, offering the "bootcamps" made famous by TPUA, at several thousand dollars a pop, *Double Your Dating*, an e-book produced by internet marketer Eben "David DeAngelo" Pagen, who would later claim to have made *$20 million a year* selling his e-books, and Ross Jeffries, in order to keep new traffic flowing in from ASF.

23.   In 2002, Mystery began the piracy ring to further the aims of the Syndicate, commercializing his previously informal piracy of works like Plaintiff's, by moving the illegal copies to seduction.gr, an offshore website which charged a membership fee. The primary purpose of the ring was to "starve" any e-book authors, like Plaintiff, and to use the "stolen" copies of their own books to promote their lucrative live-instruction "bootcamps." Defendant Sofield, using the corporate veil of Payloadz, processed the sale of memberships to seduction.gr, and/or any other sites run by the piracy ring.

24.   While Formhandle was the Syndicate's leader during this time, Mystery and Neil Strauss were always plotting to reclaim the Syndicate when Strauss published *The Game*, at which point the major media exposure would make *mASF* and ASF irrelevant. Per Mystery's orders, Plaintiff's work, and his theory (such as the "pivot" or "chick crack" metaphysical gimmicks), were either excluded from *The Game*, plagiarized, or simply misattributed. Ross

Jeffries was portrayed in a negative light, while Formhandle was barely mentioned. The half-dozen or so "gurus" who were mentioned in *The Game* were handpicked by Mystery for Syndicate membership. Defendant La Ruina, who was not mentioned, was handpicked by Mystery as his successor, once TPUA was cancelled in 2009, primarily due to failed "PUA" George Sodini murdering three women at an *L.A. Fitness Center* in Pittsburgh.

25. What Plaintiff had warned about as *Game Over* finally occurred in 2009 (where the "celebrity" PUA methods become so well known that they no longer work), with websites like *puahate.com* surfacing, its message board collecting dozens of stories of "bootcamp" students of Mystery's and others who had felt conned, including a number who had paid over $15,000.00 to become "certified PUA coaches," where the only real requirement was to pay the tuition. This caused a sharp drop in industry revenue, leaving the Syndicate scurrying to replace the revenue. This is when Defendant La Ruina took over.

26. In 2009, Defendant La Ruina, in conspiracy with Defendants Oleynynk, Sofield and Payloadz, established *pualib.com*, located onshore, for the purpose of selling pirated PUA works like *Foxes* as part of the 824-book download, and giving each book away individually as well (the download is sold for convenience).

27. While Defendants Payloadz, Sofield, Oleynynk, and their affiliates (who receive a cut of all referred sales) all profit from the piracy ring, Defendant La Ruina's primary benefit is a *flood* of cherished "virgin" (first-time) traffic to the community, the kind most likely to purchase both the pirated download, and bootcamps from Defendant La Ruina or other Syndicate members, many of whose "stolen" books were authorized for inclusion because they were thinly-veiled advertisements for their lucrative bootcamps, with each bootcamp worth thousands of book sales.

7

28. On January 16, 2011, Defendant La Ruina sent the following e-mail to Ross Jeffries:

> These guys, and there are maybe 300 different small PUA companies in the world, don't affect us. The reason is simply traffic. ***They can only get more traffic by paying for google adwords*** or doing queer facebook and blog comments and writing on the lss or whatever forums. The problem with that is it isn't scalable, you get a few hundred hits a day at most, never a few thousand or tens of thousand. It gets to a certain point and can't go higher. ***Luckily we own all the seduction sites or have exclusive ad deals.*** So we get tons of traffic. On top of that is of course brand recognition, and all that shit.
>
> ***Kezia got a boost because we sold 2,500 of her book for her***. That put her name out there. ***Now it only sells 80 in a month so isn't going anywhere.*** Daygame.com we sent 8,000 people to their site and they made a bunch of sales, now they will continue to sell but will find it tough to scale up to the next level. He has the great domain name and beautiful website though. We will see what happens there.
>
> The other ones are totally useless. We have enough traffic and stuff to double our sales just by being more efficient, then we can also go out and get way more traffic. ***We kind of know how to do it [piracy] and these other people don't.*** Kezia is not smart as you know, and neither are the people she has working for her. They will never be able to scale it up. Plus ***she can't crack the syndicate – the seduciton guys who all work together,*** because they all think she is rude/a nightmare to work with...which is true. They will never let her, Mehow, or Ross Jeffries in because ***every time it was a vote 10 people would veto it.***
>
> ***So there is us, love systems, RSD, then a big gap*** before the rest of the little rat companies. My plan for the future is to set up a little rat company and undercut all the others and steal all their market share and shut them down. For now though there is no point, but that would deal with all of them. If I wanted to put Kezia out of business, I would buy the rights to her book and shut it down and find some glamour model who is better looking who is a bit smart and teach her how to teach then use our muscle to make her the most famous name. But it's better to focus on yourself vs trying to attack other people. -R

29. Plaintiff avers, because he has a working brain, that piracy is Defendant La Ruina's "secret" for driving large-scale traffic to his website.

### The Syndicate's False-Advertising Ring

30. In addition to piracy, the Syndicate attracts traffic through a massive campaign of false and misleading advertising, hidden cross-promotion, disparagement of competitors, including Plaintiff, the use of affiliates to promote their piracy site, fake blogs created under the fake name

8

of "Annie Riddick," all of which link to Defendant pualib.com, whose own "404 Error" (for

inactive URLs) redirected to pickup-artist-forum.com, owned by Defendant La Ruina.

31.   In addition to the sale of the 824-book digital download, Defendant pualib.com

publishes a "biography" for each PUA, along with a description for each pirated work:

a.   During all times in controversy, Plaintiff's "biography" appeared as follows:[3]



b.   Defendant pualib.com also doctored the title, author, and cover of *Foxes*.



---

[3] The now-deleted biography is identical to the "ED page" central to Parker v. Goldhagen, E.D.Pa. #15-cv-3304.

**Defendants Payloadz And Sofield's Involvement**

32.   In an interview, Defendant Sofield revealed that, for the life of Defendant Payloadz,
he has been its sole fulltime employee.  Plaintiff avers that this is because Defendant Payloadz is
a corporate veil for Defendant Sofield, for the sole purpose of money-laundering, by appearing
as an independent payment processor, when in fact Defendant Sofield created Defendant
Payloadz for the sole purpose of processing illegal transactions of pirated PUA works.

33.   Defendant Sofield states that he has processed over $75 million in transactions
through Payloadz; one can (and Plaintiff will) infer a gross revenue attributable to piracy of at
least *$5 million* for Payloadz, assuming a 10-15 percent cut of $40-50 million.

34.   The advertising for the digital download on Defendant pualib.com's website is so
brazen (and the price per book is so low at $0.05, with many on sale elsewhere) that only
extreme willful blindness could even possibly explain, yet still not legally excuse, the purported
ignorance of these two Defendants.



http://pualib.com/packages/The-Complete-PUA-Books-Collection.html
(Retrieved November 7, 2015 at 8:24am)

35.   When Plaintiff sent a Tweet to Defendant Sofield, in an attempt to mitigate his damages, he received the garden-variety ***Syndicate*** response, the one this court recently heard parroted by attorney Gary Green, Esq. in <u>Parker v. Goldhagen</u>:



https://twitter.com/sprfrkr/status/658684101143207937

36.   Plaintiff avers that mitigation with Defendants Payloadz/Sofield was impossible.

### Defendant PayPal's Involvement

37.   Defendants PayPal and Sofield have a long history of collaboration, with Defendant Sofield a member of Defendant PayPal's Developer Advisory Board, which works with software developers to integrate their websites with PayPal's IPN payment method, something which Defendant Sofield himself made much more profitable when he fixed a security leak in the PayPal interface.  Additionally, PayPal has profited extensively from the piracy ring, from both illegal sales and from monthly payments to Defendant Payloadz's affiliates, who they track.

38.   Defendant PayPal is not shy when it comes to investigating those who move money through its service.  Not only do they use information they receive directly, but they actively seek out anything they can learn about an individual or business from searching the internet, or from third-party tips and reports.

39.   When Plaintiff advised Defendant PayPal of the piracy ring, he received a terse reply, urging him to report the infringement, and not even offering to refund the $16.90 he had paid for

11

an illegal copy of his work (for evidence purposes only).  Plaintiff explained, to no avail, that the

site was engaged in massive *criminal* copyright infringement, and that since his work was

already removed from the site, the DMCA was not relevant.  Shortly after, however, Defendant

pualib.com no longer offered Defendant PayPal as an option.

40.   Plaintiff avers that Defendant PayPal was explicitly aware of the piracy ring, choosing

active participation or, alternatively, willful blindness, where its "darling" programmer/merchant

as concerned, relying on the respectability of a "big internet company that wouldn't do *that*" to

avoid even being suspected of having such a "dirty little secret."[4]

### Defendants Great Hill Partners/Bluesnap/Plimus's Involvement

41.   According to Defendant Bluesnap, they stopped processing payments for the piracy

ring in May, 2012, shortly after changing their name from Plimus, due to negative goodwill

resulting from a previous class-action lawsuit, Yordy v. Plimus, Inc. and Great Hill Partners,

Inc., N.D.Ca. #12-0229, alleging fraud and deceptive marketing practices related to...*piracy!:*

> 6    12.    In an effort to increase the number of consumer registrations on the Unlimited
>
> 7   Download websites, Defendant Plimus works in concert with affiliates to distribute paid text
>
> 8   advertisements, graphic banner advertisements, fake testimonials, and fake blog posts, all
>
> 9   promising access to such things as "BESTSELLING eBooks" for "No monthly or 'Pay Per
>
> 10   *Download*' fees." These advertisements and other marketing materials represent that bestselling
>
> 11   books, such as *Dreams From My Father* by President Obama and *Twilight* by Stephenie Meyer,
>
> 12   will be available to members along with other "unlimited free Novels, Comics, Newspapers &

42.   Much like the Syndicate's "Annie Riddick" persona, Defendant Plimus was accused

of falsifying testimonials (biographies) and of engaging in mass piracy for profit.

43.   Plaintiff avers that Defendant Plimus is a "rogue" for whom active participation, or,

alternatively, willful blindness to criminal copyright infringement is their bread-and-butter.

---

[4] Many "Big Internet" companies think nothing of flouting federal law, due to a "starstruck" nation who believes
they can do no evil. *Amazon.com* allows adult entertainers to launder tax-free money through its Gift Cards.

## Damages To Plaintiff

44.  Regardless of this Court's opinion of the PUA, we claim to live in a meritocracy. Plaintiff's damages due to the Syndicate, and piracy ring, are irrevocably life-altering, including:

a.  Loss of incredible wealth, and even basic employment, resulting in Plaintiff having to collect SSDI due to the Syndicate having destroyed his reputation online;

b.  Concurrent with the loss of reputation and wealth, still becoming a "public enemy" through guilt-by-association with a Syndicate that has blacklisted him from day one, by a bloodthirsty public who never bothered to check the difference;

c.  Loss of the ability to properly care for his dying mother through 2007;

d.  Loss of celebrity and all that comes with it;

e.  Loss of physical safety, due to the perpetual threat of being "Googled" by vigilantes who then find the defamation, including at *hospitals*, when Plaintiff is at his most vulnerable (he was harassed by at least one low-level worker during a hospital stay).

## Damages To Society

45.  A decade ago, this Court's smug dismissal of Plaintiff's *Seduction Mafia* and *Seduction Cartel* lawsuits have put it on the "wrong side of history," on a par with Plessy v. Ferguson, 163 U.S. 537 (1896). Just as Plessy declared "open season" on African-Americans, the rulings against Plaintiff declared "open season" not just on him, but on society, its trust, and the truth. Like the PUA community itself, the cancers it hath wrought upon Plaintiff and the dating-advice niche it inhabited, have metastasized to the public at large, as evidenced by the Amazon *fake review* lawsuit brought, and words like *astroturfing* entering the vernacular.

46.  A fake review for a plumber might cost a few hundred dollars to fix the damage, but for a *dating-advice* expert, the consequences are, as recent events have shown, catastrophic:

13

a.    In 2009, failed PUA student George Sodini, who spent $5,000 on a "PUA bootcamp," realizes he's been conned, and because of Syndicate teaching, escalated to mass-murder rather than be seen as something less than an "alpha male."

b.    Also in 2009, *puahate.com* debuts, with dozens, if not hundreds, of horror stories from "Aspies" (suspected of having Asperger's) who were conned by the Syndicate, when they otherwise would not have been, had the marketplace been truly democratic and not a sham;

c.    In 2014, *puahate.com* member Elliot Rodger murders several students (PUAs and "hot chicks") at UC-Santa Barbara, out of frustration at not being a successful, Syndicate-styled "alpha male" PUA, egged on constantly by forum members;[5]

d.    The federal government is harmed by Syndicate marketing specifically designed to relieve college students of their Pell Grant and aid money in late August, when their romantic anxiety, and bank accounts, are at their highest, by telling them to "invest in their education about women," and to divert their college money to the Syndicate, by attending bootcamps strategically priced at several thousand dollars; Defendant RSD even refers to its fees as *tuition.*

e.    Any and all creators of content and intellectual property, will see Plaintiff as a cautionary tale regarding what happens if they refuse to "play along" or look the other way when a syndicate/mafia takes over their industry, and who lose faith in our alleged meritocracy.

### COUNT ONE: COPYRIGHT INFRINGEMENT (ALL DEFENDANTS)

47.   Plaintiff incorporates by reference, as if stated verbatim, all previous paragraphs.

48.   Plaintiff avers that all Defendants, by virtue of their conduct as set forth hereinabove, have violated the Copyright Act, and states this claim for relief on that basis, as follows:

---

[5] Despite *puahate.com* being closed, it never ceased operations, with its members moving to another forum, *sluthate.com*, where thousands of "ticking time bombs" like Rodger are waiting to detonate, all because they were "gaslit" by the Syndicate's con game designed to take their money;

a.    Defendants La Ruina, PUA Training, Ltd., pualib.com, Oleynyk, Sofield, and Payloadz have committed direct infringement in violation of the Copyright Act.  Alternatively, they have committed vicarious and contributory copyright infringement.

b.    All Defendants have committed vicarious/contributory copyright infringement.

49.    In an e-mail, Defendant pualib.com claimed that **Foxes** had been downloaded "only 28 times" for free (a number Plaintiff seriously questions), while ignoring the number of sales of his work that were included in the "mega download."

50.    Plaintiff avers that, given the doctoring of the title, author's name, and cover of **Foxes**, that the infringement was willful, wanton, intentional, designed to inflict maximum harm, and further designed to avoid detection by Plaintiff, who discovered the injury on October 26, 2015.

51.    Due to the willful nature of the infringement, Plaintiff is entitled to statutory damages of $150,000.00.

52.    Alternative to statutory damages, Plaintiff is entitled to **actual** damages equal to the revenue realized by the Syndicate not just from the piracy, but from lost customer leads.[6]

53.    Plaintiff is further entitled to costs of suit, including reasonable attorney's fees, injunctive relief sufficient to terminate the actionable conduct, and such other and further relief as this Court deems just and proper.

### COUNT TWO: UNJUST ENRICHMENT (ALL DEFENDANTS)

54.    Plaintiff incorporates by reference, as if stated verbatim, all previous paragraphs.

55.    Plaintiff avers that all Defendants, by virtue of their conduct as set forth hereinabove, have violated the tort of unjust enrichment, and states this claim on that basis, as follows:

a.    Defendants Oleynyk and pualib.com – quite possibly alter-egos for Defendant Sofield – unjustly enriched themselves by directly pirating Plaintiff's work, in an amount equal

---

[6] A single "whale" customer can spend $5,000.00 on a bootcamp, or up to **$100,000.00** for "one-on-one" coaching.

to the revenue derived, plus the value of the mailing list generated, and any associated goodwill, in an amount to be determined at trial, estimated to run in the millions.

b.     Defendants Sofield and Payloadz unjustly enriched themselves by running the piracy ring, under the direction of Defendant La Ruina, in an amount to be determined at trial.

c.     Defendant PayPal unjustly enriched itself by processing payments for the piracy ring, and to its affiliate marketers, in an amount to be determined at trial, likely in the millions.

d.     Defendants Bluesnap, Plimus, and Great Valley Partners unjustly enriched themselves by knowingly, or with gross negligence, processing transactions for the piracy ring.

e.     All other Defendants, particularly La Ruina and PUA Training, Ltd., have unjustly enriched themselves the most, secondary to La Ruina's position as Syndicate kingpin.

56.   Plaintiff is entitled to compensatory damages in an amount to be determined at trial.

57.   Plaintiff is further entitled to punitive damages, costs of suit, including reasonable attorney's fees, injunctive relief sufficient to terminate the actionable conduct, and such other relief as this court deems just and proper.

### COUNT THREE: RACKETEERING (RICO) (ALL DEFENDANTS)

58.   Plaintiff incorporates by reference, as if stated verbatim, all previous paragraphs.

59.   The full RICO case statement will be provided in a timely manner.  For now, Plaintiff casts the Syndicate as *The Sopranos,* based on the RICO predicate acts set forth hereinabove:

| Defendant | Character/Entity | Description |
|---|---|---|
| La Ruina | Anthony J. "Tony" Soprano | Kingpin |
| Sofield | Silvio "Sil" Dante | Consigliore |
| PUA Training, Ltd. | Barone Sanitation Co. | RICO Enterprise |
| Real Social Dynamics | Satriale's Meat Market | RICO Enterprise #2 |
| Venusian Arts Co. | The Bada Bing | RICO Enterprise #3 |
| Payloadz | Tony's Banker | Money-launderer (RICO #4) |
| Oleynyk/others | Minor Characters | Loyal street soldiers |

60.   As will be fully outlined in the RICO case statement, when ordered, RICO predicate acts set forth hereinabove include, but are probably not limited to, a) criminal copyright infringement, b) wire fraud, c) Hobbs Act extortion, d) money-laundering, e) predicate fraud (punishable by one year or more in state prison),  and f) violations of the False Claims Act.

61.   For Defendants' conduct set forth hereinabove, i.e., the predicate acts in violation of 18 USC §1961(1) *et seq*, also constitute a violation of 18 USC 1962(a-d), for which Plaintiff is entitled to relief under 18 USC §1964(c), the basis on which he states this claim for relief.

62.   Plaintiff is entitled to *trebled* compensatory and punitive damages in an amount to be determined at trial, costs of suit, including reasonable attorney's fees, injunctive relief sufficient to terminate the actionable conduct, and such other relief as this court deems just and proper.

## COUNT FOUR: CIVIL CONSPIRACY (ALL DEFENDANTS)

63.   Plaintiff incorporates by reference, as if stated verbatim, all previous paragraphs.

64.   All counts in this action, particularly the RICO count, also constitute a violation of the Pennsylvania tort of civil conspiracy; Plaintiff states this claim for relief on that basis.

65.   Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, costs of suit, including reasonable attorney's fees, injunctive relief sufficient to terminate the actionable conduct, and such other relief as this court deems just and proper.

## COUNTS FIVE AND SIX: UNFAIR COMPETITION (ALL DEFENDANTS)

66.   Plaintiff incorporates by reference, as if stated verbatim, all previous paragraphs.

67.   Defendants' conduct, as set forth hereinabove, also constitute a violation of the unfair competition provision of Section 43(a) of the Lanham Act, including but not limited to false and misleading advertising, and "passing off." Plaintiff claims his relief for Count Five on this basis.

17

68.  Alternatively, and concurrently, Defendants' conduct also constitutes a violation of the Pennsylvania tort of unfair competition.  Plaintiff claims his relief for Count Six on this basis.

69.  Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, costs of suit, including reasonable attorney's fees, injunctive relief sufficient to terminate the actionable conduct, and such other relief as this court deems just and proper.

## COUNT SEVEN: DEFAMATION (ALL DEFENDANTS EXCEPT PAYPAL, GREAT HILL PARTNERS, BLUE SNAP AND PLIMUS)

70.  Plaintiff incorporates by reference, as if stated verbatim, all previous paragraphs.

71.  The named Defendants in this Count's conduct, as set forth hereinabove, have made the following statements concerning Plaintiff:

72.  Defendant Sofield's Tweet to Plaintiff (paragraph 35) contains an imputation of mental incompetence which, at the time of publication, he either knew, or should have known, was false, as Plaintiff is currently of sound mind and not a danger to anyone.

73.  Defendant *pualib.com's* "biography" of Plaintiff contains numerous defamatory statements, a "false light" portrayal of Plaintiff's mental state, and a false imputation that he harassed women, a lie of one woman's in 1996 repeated so often that people believe it, when she is actually the one who has been stalking Plaintiff all these years.  The "biography" (paragraph 31(a)) also claims that Plaintiff lived with his mother in 2012, when she died in 2007.  Finally, the abominable cover used to replace the actual cover of *Foxes* (paragraph 31(b)) defames Plaintiff by imputing that he would produce such a visually horrifying piece of "artwork."

74.  The statements in controversy for this claim a) were not privileged, b) were made to third parties, c) who understood their defamatory meaning, and were made with d) knowledge of falsity or e) total disregard for the truth.

75.   Defendants' conduct, as set forth hereinabove, constitutes a violation of the Pennsylvania tort of defamation, including libel, trade libel, and slander (when repeated over the telephone or in person).  As the tweets were made in conspiracy with the Syndicate, the other named defendants are vicariously liable.  Plaintiff states this claim for relief on this basis.

76.   As a direct and proximate result of the Syndicate's massive defamation campaign against Plaintiff, he has suffered irreparable and untold harm, including a) loss of reputation,[7] b) loss of income, c) loss of enjoyment of life, d) mental anguish, e) nearly-infinite amplification of the defamation thanks to the internet and Section 230 immunity, and f) harassment from vigilantes who have believed the lies, including *at least once in a __hospital__ setting*.[8]

77.   Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, costs of suit, injunctive relief sufficient to terminate the actionable conduct, and such other relief as this court deems just and proper.

### COUNT EIGHT: TORTIOUS INTERFERENCE (ALL DEFENDANTS)

78.   Plaintiff incorporates by reference, as if stated verbatim, all previous paragraphs.

79.   Defendants' conduct, as set forth hereinabove, also constitute a violation of the Pennsylvania tort of tortious interference with contractual relations; Plaintiff states this claim for relief on that basis.

80.   Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, costs of suit, injunctive relief sufficient to terminate the actionable conduct, and such other relief as this court deems just and proper.

### COUNT NINE: BREACH OF CONTRACT (ALL DEFENDANTS)

---

[7] See Parker v. Goldhagen for a very clear example of how successful the Syndicate has been in repelling anyone from wanting to be associated with Plaintiff.  The Defendant quoted the same defamation and acted upon it by breaching a contract with Plaintiff, sparking that lawsuit.

[8] In a world with search engines, hospital patients are sitting ducks for "Googlers," including female victims of "revenge porn," or just about anyone else.  Plaintiff's experience, though terrifying, could have been far worse.

81.   Plaintiff incorporates by reference, as if stated verbatim, all previous paragraphs.

82.   Readers of *Foxes* were contractually obligated, not to doctor the work in any way, nor to redistribute it.  The Defendants who did this violated the agreement, and those who did not directly violate these terms, aided and abetted those who did, and are vicariously liable.

83.   Defendants' conduct, as set forth hereinabove, also constitute a violation of the Pennsylvania tort of breach of contract; Plaintiff states this claim for relief on that basis.

84.   Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, costs of suit, injunctive relief sufficient to terminate the actionable conduct, and such other relief as this court deems just and proper.

### COUNT TEN: MISAPPROPRIATION OF LIKENESS (ALL DEFENDANTS)

85.   Plaintiff incorporates by reference, as if stated verbatim, all previous paragraphs.

86.   Defendants' unauthorized use of Plaintiff's likeness (paragraph 31(a)) in promoting ***pualib.com*** (or aiding and abetting its promotion), violates his right to publicity, and entitles him to relief under the Pennsylvania tort of misappropriation of likeness (or, alternatively, invasion of privacy).  Plaintiff states this claim for relief on that basis.

87.   Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, costs of suit, including reasonable attorney's fees, injunctive relief sufficient to terminate the actionable conduct, and such other relief as this court deems just and proper.

### COUNT ELEVEN: ANTITRUST VIOLATIONS (ALL DEFENDANTS)

88.   Plaintiff incorporates by reference, as if stated verbatim, all previous paragraphs.

89.   Defendant La Ruina's e-mail (see paragraph 28) is as hot of a "smoking gun" as one is ever going to find in litigation.  He not just admitted, but ***bragged*** about running the Syndicate, which has called itself a ***community*** of businesses (that's a ***cartel*** to legal types).  The other

Defendants have been proven to further the cartel illegally, as set forth hereinabove. Absent immediate enjoinment, the Syndicate will continue to grow until it literally destroys us. It is already responsible for massive abuse and mistreatment of women, rapes, and ***mass murder***.

90. Defendants' anticompetitive conduct constitutes multiple and ongoing violations of the Sherman Antitrust Act, for which Plaintiff is entitled to relief under the Clayton Act, and states this claim on that basis.

91. Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, costs of suit, including reasonable attorney's fees, injunctive relief sufficient to terminate the actionable conduct, and such other relief as this court deems just and proper.

## COUNT TWELVE: VIOLATIONS OF THE CALIFORNIA BUSINESS AND PROFESSIONAL CODE AND OTHER CALIFORNIA STATUES (ALL DEFENDANTS)

92. Plaintiff incorporates by reference, as if stated verbatim, all previous paragraphs

93. Defendants' conduct, as set forth hereinabove, also constitutes numerous violations of:

   a)   The California Consumer Legal Remedies Act, Cal. Civ. Code §1750 ***et seq.***

   b)   The California False Advertising Law, CBPC §17500 ***et seq***.

   c)   The California Unfair Competition statute, CBPC §17200 ***et seq.***

   d)   The California tort of Fraud In The Inducement.

   e)   The California (and/or Pennsylvania) tort(s) of Fraud (By Omission)

94. Plaintiff is entitled to compensatory, punitive, and statutory damages in an amount to be determined at trial, costs of suit, including reasonable attorney's fees, injunctive relief sufficient to terminate the actionable conduct, and such other relief as this court deems just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays to this Court for the following relief:

21

1.     Unspecified actual damages, for copyright infringement (alternative to statutory

damages) and for the other counts, in an amount to be determined at trial, but not less than

THIRTY-NINE MILLION AMERICAN DOLLARS ($39,000,000.00 US)

2.     The maximum punitive damages allowed by law.

3.     Alternative to actual damages for copyright infringement, Statutory damages of

$150,000.00, trebled due to RICO.

4.     A declaration that Plaintiff's "biography" (and the ED page from <u>Parker v.
Goldhagen</u>) is defamatory.[9]

5.     A temporary and permanent injunction enjoining the "Syndicate" from

continuing its operations.

6.     Costs of suit, including reasonable attorney's fees.

7.     Treble damages for all other counts than copyright infringement, due to RICO.

8.     Such other and further relief as this court may deem just and proper in order to

make Plaintiff whole, or as whole as possible given that *his life was ruined* by this.

### JURY TRIAL DEMANDED

Plaintiff hereby exercises his right to trial by a competent jury of his peers.

This the 10th day of November, 2015.

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
**PLAINTIFF**

---

[9] While Section 230 immunizes websites from liability for defamation, many will voluntarily remove content a court has found to be libelous.